UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEFAN JEREMIAH,

                Plaintiff,

        -against-

5 TOWNS JEWISH TIMES, INC.,

                Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22 CV 5942 (NGG)(CLP)

**POLLAK**, United States Magistrate Judge:

On October 4, 2022, plaintiff Stefan Jeremiah commenced this action against defendant 5 Towns Jewish Times Inc. ("defendant" or "5 Towns"), alleging violations of the Copyright Act, 17 U.S.C. § 101, et seq., arising out of defendant's unauthorized reproduction and public display of a copyrighted photograph of Tiffany Harris's arrest, which photograph was owned and registered by plaintiff Jeremiah. (Compl.[1])

Despite being properly served with a Summons and Complaint,[2] defendant 5 Towns failed to answer or participate in this action. On December 5, 2022, the Clerk of Court entered a default against the defendant. (ECF No. 9). Currently pending before this Court on referral from the Honorable Nicholas G. Garaufis, U.S. District Judge, is plaintiff's motion for default judgment.

For the reasons set forth below, it is respectfully recommended that default judgment be entered only as to liability at this time.

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on October 4, 2022. (ECF No. 1).
[2] According to the affidavit of service, on October 12, 2022, Jeffrey Teitel personally delivered two copies of the Summons, Complaint, and other related documents to the office of the Secretary of State of New York, thereby serving defendant 5 Towns. (ECF No. 7).

1

FACTUAL BACKGROUND

Plaintiff alleges that defendant 5 Towns is a New York corporation, with a principal place of business located at 445 Central Avenue, Suite 209, Cedarhurst in Nassau County, New York. (Compl. ¶ 6). According to the Complaint, defendant owns and operates a website at www.5tjt.com (the "Website"). (Id. ¶ 3). The Website is allegedly monetized in that it includes paid advertisements, causing plaintiff to believe that defendant profits from the website and its activities. (Id. ¶ 17).

Plaintiff, a New Jersey resident, alleges that he is a professional photographer who licenses his photographs for a fee and has invested significant time and money in building his photography portfolio. (Id. ¶¶ 2, 5, 10–11). Plaintiff claims that his "photographs are original, creative works in which Plaintiff[] own[s] protectable copyright interests." (Id. ¶ 13).

Plaintiff alleges that on January 1, 2020, he took a photograph of Tiffany Harris's arrest, which shows Ms. Harris being escorted by the police (the "Photograph"). (Id. ¶ 18, Ex. 1). Plaintiff registered the Photograph with the United States Copyright Office on March 29, 2020, and was given the registration number VA 2-201-933. (Id. ¶ 20; see also Freeman Decl.[3] Ex. D (plaintiff's certificate of registration with the Copyright Office)).[4]

According to the Complaint, on April 11, 2022, plaintiff observed the Photograph on the Website in a story dated January 28, 2020. (Compl. ¶ 21, Ex. 2). He alleges that he observed "an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by

---

[3] Citations to "Freeman Decl." refer to the Declaration of James H. Freeman, Esq., dated February 13, 2023. (ECF No. 13).
[4] The Certificate of Registration, attached to the Freeman Declaration and bearing the Registration Number VA 2-201-933, covers 65 photographs by Stefan Jeremiah. (Freeman Decl. Ex. D). According to counsel, the Photograph at issue here is identified as "1.1.20.Harris.Jeremiah.jpg," which is one of the photographs covered by the Certificate of Registration. (Freeman Decl. ¶ 21).

2

Defendant on the Website." (Id. ¶ 27).[5] Plaintiff further alleges that the defendant did not license the Photograph for use on the Website, nor did it obtain plaintiff's permission or consent to publish the Photograph. (Id. ¶¶ 24–25). Plaintiff alleges that the defendant monitors the content on the Website, takes an "active and pervasive role in the content posted to its Website . . . including but not limited to Plaintiff's Photograph," and has the "legal right and ability" to control the activities on its Website. (Id. ¶¶ 28, 35, 36). Thus, plaintiff alleges that defendant knowingly engaged in copyright infringement. (Id. ¶ 34). Plaintiff also alleges that the defendant's posting of the Photograph on its Website, in violation of plaintiff's copyright, led to an increase in revenue for the defendant by generating increased traffic to the Website. (Id. ¶ 38). Plaintiff brings a claim for direct copyright infringement, pursuant to 17 U.S.C. § 501, and seeks statutory damages for willful copyright infringement, pursuant to 17 U.S.C. § 504(c). (Id. ¶¶ 43–51).

DISCUSSION

I.   Default Judgment

   A.   Legal Standard

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for the entry of a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id.; see also Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

---

[5] Plaintiff claims that the Photograph was displayed at http://www.5tjt.com/woman-arrested-for-slappings-in-brooklyn-charged-with-hate-crimes/ and was stored at http://d16cunm4ue8a76.cloudfront net/wp-content/uploads/2020/01/tiffany-696x464.jpg. (Compl. ¶¶ 22, 23). The Court has tried both links. The link to the article where the Photograph was displayed is still in operation; however, there is a blank space where the Photograph would be, suggesting that the Photograph has since been removed from the Website. The link to where the image was stored contains an error message.

3

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b). Where the amount of damages owed requires a judicial finding, a default judgment may be entered once the court has conducted a hearing or made a referral to determine the question of damages. See Fed. R. Civ. P. 55(b)(2).

Providing guidance as to when a default judgment is appropriate, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. Id. Furthermore, "[Rule] 55(b) states that a judgment by default 'may' be entered under specified circumstances, not that it must." See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice"). Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because a defendant is in default.

The Court has significant discretion to consider several factors in deciding whether to grant a default judgment, including: (1) whether the claims were adequately pleaded in the Complaint, thereby placing the defendant on notice, see Fed. R. Civ. P. 54(c) (stating: "[a]

4

default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"), cf. King v. STL Consulting, LLC, No. 05 CV 2719, 2006 WL 3335115, at *4–5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated in awarding damages that accrued during the pendency of a litigation, so long as the complaint put the defendant on notice that the plaintiff may seek such damages), adopting report and recommendation, id. at *1–9; (2) "'whether the grounds for default are clearly established;'" and (3) "'the amount of money potentially involved.'" Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992) (quoting 10 Charles A. Wright, et al., Federal Practice and Procedure § 2685, at 423, 425–26 (2d ed. 1983)).  The more money involved, the less justification for entering the default judgment.  Id.

Additionally, "'the Court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and whether the default judgment may have a harsh effect on the defendant.'" Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd., 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012) (quoting Stein v. Valentine & Kebartas, Inc., No. 10 CV 2465, 2012 WL 1416924, at *2 (E.D.N.Y. Mar. 15, 2012)), adopting report and recommendation, id. at 389–404; see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (explaining that under Fed. R. Civ. P. 55(b)(2) "a district court has discretion . . . to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action"); 10A Charles A. Wright, et al., Federal Practice and Procedure § 2685 (4th ed. 2008) (Apr. 2023 update) (discussing the aforementioned factors).

The burden is on the plaintiff to establish his entitlement to recovery.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506

5

U.S. 1080 (1993). When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, but not as to damages. Id. Thus, for the purposes of an inquest, the court "accept[s] as true all of the factual allegations in the complaint, except those claims relating to damages," and the plaintiff is "entitled to all reasonable inferences from the evidence offered." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65. While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing;" instead, "the court may rely on detailed affidavits or documentary evidence." Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (collecting cases), aff'd, 873 F.2d 38 (2d Cir. 1989).

In this case, it is beyond dispute that the defendant is in default since it has failed to participate in this action, respond to the Complaint, or contest this motion for default judgment. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *1–2 (holding that defendant's default was "crystal clear" when it failed to oppose the plaintiff's motion for an entry of default after "fail[ing] to submit an answer or otherwise respond to the complaint"). On April 24, 2023, this Court issued an Order inviting defendant to submit papers in response to plaintiff's motion by May 26, 2023 or to request a hearing and Ordered plaintiff to serve the Court's Order on defendant. (ECF No. 16). That same day, plaintiff filed a certificate of service showing that it had served defendant with a copy of this Court's Order. (ECF No. 17).

Notwithstanding the Court's April 24, 2023 Order, defendant failed to file any papers and did not contact the Court to request a hearing. More than a month later, however, on June 6, 2023, G. Alexander Novak, Esq. filed a Notice of Appearance on behalf of the defendant. (ECF No. 18). Since that time, Mr. Novak has not taken any other action in this case; he has not

moved to vacate the entry of default, nor has he filed any papers challenging plaintiff's request for damages. Given the amount of time that has passed since the case was filed in October 2022 and since default was entered in December 2022, there is no reason to delay any further. The defendant has been afforded more than adequate opportunity to respond to the plaintiff's claims and has chosen not to take any action. Accordingly in light of defendant's apparent lack of interest in participating in these proceedings, the Court proceeds to consider plaintiff's motion for default judgment.[6]

### B. Entry of Default Judgment

Plaintiff alleges a violation of the Copyright Act, 17 U.S.C. §§ 101, et seq. The Copyright Act is the principal statute protecting against copyright infringement. "The objective of copyright protection is to encourage the creator of an original work in a medium of expression . . . by giving the creator the exclusive right 'to reproduce' the work, 'to prepare derivative works,' 'to distribute copies or phonorecords,' 'to perform' the work, and 'to display' the work." Warner Bros., Inc. v. Dae Rim Trading, Inc., 677 F. Supp. 740, 760 (S.D.N.Y. 1988) (quoting 17 U.S.C. § 106). Although the word "counterfeit" never appears in the Act, Section 501(a) of the Copyright Act proscribes the unauthorized reproduction and copying of works of an owner holding an exclusive copyright in an original work of authorship. 17 U.S.C. § 501(a); see Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 157 (2010).

Among the rights conferred upon the holder of a copyright are the exclusive rights to engage in and to authorize the reproduction of the copyrighted work in copies, 17 U.S.C. §

---

[6] It should also be noted that the amount of money involved in this case is not great. Therefore, unlike cases with millions of dollars potentially at stake, here, the Court does not hesitate before entering default judgment. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2 (declining to enter default judgment, in part because plaintiff's damages request ran "well into the millions of dollars," and giving defendant an opportunity to contest the entry of default).

106(1), to prepare derivative works based on the copyrighted work, 17 U.S.C. § 106(2), and to distribute copies of the copyrighted work to the public by sale, rental, lease, or other transfer of ownership. 17 U.S.C. § 106(3); see Microsoft Corp. v. Harmony Computs. & Elecs., Inc., 846 F. Supp. 208, 210–11 (E.D.N.Y. 1994).

It is well established that in order to prove the elements of a copyright infringement action, a plaintiff must show: "'(1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work.'" Ferrarini v. Irgit, No. 21 CV 597, 2022 WL 1739725, at *2 (2d Cir. May 31, 2022) (summary order) (quoting Sohm v. Scholastic Inc., 959 F.3d 39, 48 (2d Cir. 2020)); accord Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (explaining that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original"). "'The word copying is shorthand for the infringing of any of the copyright owner's [] exclusive rights described in § 106.'" Malibu Textiles, Inc. v. Sentimental NY, No. 14 CV 2576, 2016 WL 3620787, at *5 (S.D.N.Y. June 28, 2016) (internal quotation marks omitted) (quoting Arista Records, LLC v Doe 3, 604 F.3d 110, 117 (2d Cir. 2010)). Under the Act, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501.

Turning to the first element required to establish a claim for infringement, courts in this Circuit have held that "'[a] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright.'" MerchDirect LLC v. Cloud Warmer, Inc., No. 17 CV 4860, 2019 WL 4918044, at *7 (E.D.N.Y. Sept. 30, 2019) (quoting PaySys Int'l, Inc. v. Atos Se, Worldline SA, 226 F. Supp. 3d 206, 215

8

(S.D.N.Y. 2016)).  In this Circuit, courts have found that the registration number is sufficient to satisfy the plaintiff's burden to demonstrate ownership of a valid copyright in the context of a default.  See Lowery v. Fire Talk LLC, No. 19 CV 3737, 2020 WL 5441785, at *2 (E.D.N.Y. June 29, 2020) (noting that "courts in this Circuit have accepted a registration number only to satisfy [the ownership of a valid copyright] prong in default judgment cases" and citing cases), report and recommendation adopted, 2020 WL 5425768 (E.D.N.Y. Sept. 10, 2020); see also Stokes v. Hombres Lounge, Inc., No. 19 CV 3434, 2020 WL 9814097, at *3 (E.D.N.Y. Oct. 7, 2020), report and recommendation adopted, (E.D.N.Y. Nov. 20, 2020).

The Copyright Act provides that "the certificate of [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright."  17 U.S.C. § 410(c); see also CJ Prods. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 127, 142 (E.D.N.Y. 2011); Yurman Design, Inc. v. Golden Treasure Imports, Inc., 275 F. Supp. 2d 506, 514 (S.D.N.Y. 2003).  The presumption of validity is rebuttable, and it is the defendant's burden to prove the invalidity of the copyright.  See Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir.), cert. denied, 522 U.S. 908 (1997).

Here, plaintiff has alleged that he owns a valid copyright in the Photograph.  (Compl. ¶ 44).  According to plaintiff's filings, the Photograph has an effective date of copyright registration of March 29, 2020, bearing a Registration number VA 2-201-933, and plaintiff's counsel has provided the Certificate of Copyright Registration.  (Id. ¶ 20; Freeman Decl. Ex. D).  Since defendant has chosen not to participate in this action and plaintiff's allegation that he holds a valid copyright in the Photograph has not been challenged, the Court finds that plaintiff has sufficiently alleged ownership of a valid copyright in the Photograph and the Registration number along with the Certificate of Copyright Registration serve as prima facie evidence of the

9

copyright's validity. Therefore, the Court finds that the plaintiff has satisfied the first element required to establish a claim for infringement.

With respect to the second element needed to establish an infringement claim, plaintiff must show that "'(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's [work].'" CJ Prods. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d at 144 (quoting Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 110 (2d Cir. 2001)) (finding that plaintiffs had demonstrated a likelihood of success on the merits with respect to their infringement claim where "[a] visual examination of the products at issue . . . reveals they are virtually identical").

Here, plaintiff has alleged that defendant posted a copy of the Photograph on its website, and, in support, he has provided evidence of this infringement by attaching to his Complaint a copy of the Photograph itself and a screengrab of the Website for 5 Towns displaying the same Photograph. (Compl. Exs. 1, 2). Plaintiff alleges that the screengrab displays an exact copy of the Photograph (id. ¶ 27), and the Court can perceive no meaningful difference between the two. (Id. Exs. 1, 2). Plaintiff has also alleged that defendant did not have authorization or permission to reproduce or display the Photograph. (Id. ¶ 46). By failing to participate in this action, defendant has essentially conceded this element of plaintiff's copyright infringement claim. Thus, plaintiff has satisfied the second element necessary for demonstrating infringement.

Moreover, the allegations in the Complaint are sufficient to establish that the Photograph is "original." In the Complaint, plaintiff alleges that his photographs are "original, creative works." (Id. ¶ 13; see also id. ¶ 48). The Photograph is the result of plaintiff Jeremiah's creative process. See Renna v. Queens Ledger/Greenpoint Star Inc., No. 17 CV 3378, 2019 WL

10

1061259, at *3 (E.D.N.Y. Feb. 13, 2019) (holding that plaintiff met the minimal burden of originality because the photos derived from plaintiff's "choice of timing, location, and subject matter"), report and recommendation adopted, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019). Thus, the defendant undeniably copied original elements of plaintiff's work, by using the exact Photograph taken by Jeremiah and then posting it on the Website. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. at 361.

Accordingly, the Court finds that, based on the undisputed allegations in the Complaint, 5 Towns is liable for copyright infringement under the Copyright Act for the unauthorized reproduction of the Photograph on their Website. It is respectfully recommended that plaintiff's motion for entry of a default judgment be granted with respect to liability.

II. Plaintiff's Damages

Plaintiff's allegations in connection with damages, unlike his allegations pertaining to liability, are not deemed admitted in the context of a default judgment. See Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158. It is the plaintiff's burden to prove damages and establish his entitlement to recovery. Id. The Second Circuit has held, in the context of a default, that a hearing on damages "is not necessary when the district court relies 'upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record' to calculate a damage award." House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 207 (2d Cir. 2010) (summary order) (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)). Although a hearing may not be necessary, "the district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." Id. "Magistrate

11

judges and district courts have interpreted this to mean that, even when the defendant defaults and is not present to object, damages must be based on admissible evidence." Id.

In support of his motion for default judgment, plaintiff has filed a declaration from plaintiff's counsel, James H. Freeman, along with exhibits, and a memorandum of law pertaining to the damages requested. Plaintiff requests relief in the form of statutory damages, attorney's fees, and costs. (Freeman Decl. ¶¶ 12–13). The Copyright Act provides that a copyright owner can seek to recover his or her actual damages or statutory damages. 17 U.S.C. § 504(a). Here, plaintiff seeks an award of statutory damages. (Pl.'s Mem.[7] at 10). Section 504 of the Copyright Act allows courts to award statutory damages in an amount of "not less than $750 or more than $30,000 as the court considers just," for each work where the plaintiff can demonstrate that the copyright has been infringed. 17 U.S.C. § 504(c)(1). In addition, the Act authorizes an award of enhanced damages of "not more than $150,000" where "the infringement was committed willfully." 17 U.S.C. § 504(c)(2).

Statutory damages serve two purposes: "'to provide adequate compensation to the copyright holder and to deter infringement.'" Antenna Television v. Aegean Video, Inc., No. 95 CV 2328, 1996 WL 298252, at *8 (E.D.N.Y. Apr. 23, 1996) (quoting Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1554 (9th Cir. 1989)), adopting report and recommendation, id. at *1–15. Statutory damages are available even in the absence of any proof of defendant's profit or the loss sustained by the plaintiff as a result of the infringement. See Starbucks Corp. v. Morgan, No. 99 CV 1404, 2000 WL 949665, at *2 (S.D.N.Y. July 11, 2000), report and recommendation adopted, (S.D.N.Y. Aug. 8, 2000); see also All-Star Mktg. Grp., LLC v. Media Brands Co., Ltd., 775 F. Supp. 2d 613, 626 (S.D.N.Y. 2011) (explaining that

---

[7] Citations to "Pl.'s Mem." refers to the plaintiff's Memorandum of Law, dated February 13, 2023. (ECF No. 12).

12

"[s]tatutory damages for copyright infringement 'are available without proof of plaintiff's actual damages or proof of any damages'") (internal quotation marks omitted) (quoting National Football League v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d 458, 472 (S.D.N.Y. 2001)), adopting report and recommendation, 775 F. Supp. 2d at 617–29; Peer Int'l Corp. v. Max Music & Entm't, Inc., No. 03 CV 0996, 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004), report and recommendation adopted, (S.D.N.Y. Oct. 29, 2004).

Under the Copyright Act, the copyright owner may choose to recover statutory damages, "'instead of actual damages and defendant's profits,'" "'even if he has intentionally declined to offer such evidence [as to actual damages], although it was available.'" CJ Prods., LLC v. Your Store Online LLC, No. 11 CV 9513, 2012 WL 2856068, at *2 n.4 (S.D.N.Y. July 12, 2012) (quoting 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[A] (2009 ed.)), report and recommendation adopted, 2012 WL 4714820 (S.D.N.Y. Oct. 3, 2012); UMG Recordings, Inc. v. Griffin, No. 08 CV 274, 2008 WL 4974856, at *2 (N.D.N.Y. Nov. 24, 2008) (explaining that a "'plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits,'" and holding that "[s]ince Plaintiffs seek the minimum statutory damages and have established infringement as a result of Defendant's default, it is not necessary for the Court to conduct a damage hearing before awarding such damages") (internal quotation marks omitted) (quoting Columbia Pictures Television, Inc. v. Kypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001)).

In the instant case, plaintiff has not requested an award of actual damages and has not provided proof of actual damages or loss, but rather, seeks an award of statutory damages. However, pursuant to 17 U.S.C. § 412, statutory damages and attorney's fees are not available if:

13

> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. According to the Complaint, the date of the alleged infringement is January 28, 2020 (Compl. ¶ 21), and the effective date of registration for the Photograph is March 29, 2020. (Id. ¶ 20; Freeman Decl., Ex. D). However, there are no allegations in the Complaint that detail when, if at all, the Photograph was first published by plaintiff. Plaintiff argues in his memorandum of law that his copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photograph was registered within three months of initial publication. (Pl.'s Mem. at 10). According to plaintiff's counsel, the Certificate of Registration of the Photograph "show[s] a date of first publication of the photograph as January 1, 2020." (Freeman Decl. ¶ 21). However, the Certificate merely indicates that the Photograph was one of a group of photographs published in January 2020, without specifying the actual date of publication. (Id. Ex. D). It is therefore not clear from the Certificate of Registration that the Photograph was actually published on January 1, 2020, or when in January 2020 it was published, and plaintiff Jeremiah has not submitted his own affidavit attesting to the actual date of publication. (Id. Ex. D).

As noted, the date of publication is critical in determining if plaintiff is entitled to an award of statutory damages and attorney's fees. If the Photograph was published, as plaintiff's counsel represents, on January 1, 2020, or before the date of infringement which occurred on January 28, 2020, then plaintiff can collect statutory damages and attorney's fees because the effective date of the Photograph's copyright registration is within three months of the Photograph's publication. However, if the Photograph was first published later in January, <u>after</u>

14

the date of the infringement, then the Photograph was unpublished at the time of infringement and statutory damages and attorney's fees are not available. 17 U.S.C. § 412(1).

Plaintiff's counsel does not represent that he has firsthand knowledge of the date of publication as he cites to the Certificate of Registration for this date. Since the Certificate itself does not specify the exact date of first publication, providing only the month, the Court has insufficient information to determine whether plaintiff is entitled to statutory damages and attorney's fees or not.[8] Accordingly, the Court respectfully recommends that the motion for default judgment as to liability be granted but that plaintiff's request for statutory damages and attorney's fees be denied without prejudice at this time, subject to plaintiff providing further evidence as to the date of first publication.

## CONCLUSION

In light of the foregoing, the Court finds that plaintiff has sufficiently alleged the elements necessary to establish that defendant has infringed on plaintiff's copyrighted Photograph under Section 504 of the Copyright Act, but that plaintiff has insufficiently demonstrated that he is entitled to an award of statutory damages or attorney's fees. Therefore, this Court respectfully recommends that plaintiff's motion for default judgment as to liability be granted but that plaintiff's request for statutory damages and attorney's fees be denied without prejudice at this time.

---

[8] Plaintiff would also not be able to collect statutory damages for defendant's infringement after plaintiff registered the Photograph if the infringement began before registration. See Arista Records LLC v. Lime Grp. LLC, No. 06 CV 5936, 2011 WL 1226277, at *3 (S.D.N.Y. Mar. 29, 2011) (explaining that "[i]n addition to barring recovery for infringement of a work that occurs before Registration, courts have held that Section 412 'imposes a bright-line rule, barring the recovery of statutory damages for infringement *occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration*'") (quoting U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc., No. 04 CV 1689, 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008)), adopting report & recommendation, 2010 WL 6230927 (S.D.N.Y. Dec. 28, 2010).

Plaintiff must serve defendant with a copy of this Report and Recommendation within **one week** and file proof of service on the docket.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision") (quoting Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 9, 2023

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York